YATES, Presiding Judge,
dissenting.
I respectfully dissent because I believe the trial court erred in entering a summary judgment in favor of the defendants, Alabama Masonic Home, Inc. (“the Masonic Home”), The Most Worshipful Grand Lodge of Free and Accepted Masons of the State of Alabama (“the Grand Lodge”), and the Square and Compasses Foundation. Summary judgment is not proper where there are issues of material fact. Rule 56, Ala. R. Civ. P.; Southern Guar. Ins. v. First Alabama Bank, 540 So.2d 732 (Ala.1989).
Flossie Dobbs, an elderly woman, entered into a contract with the Masonic Home in February 1997 to become a resident of that senior-citizen care facility in Montgomery. In exchange for care and a place to live, Dobbs agreed to relinquish all her present and “expectant” interests to the Masonic Home. On April 17, 2002, the Masonic Home notified Dobbs’s daughter that it would be transferring Dobbs to a skilled-nursing-home facility to better meet her needs. Dobbs moved for a preliminary injunction and she sued the defendants, alleging a breach of contract and seeking a permanent injunction to prevent her removal from the Masonic Home facility. Dobbs filed an affidavit from a physician in which he opined that Dobbs was in good health for her age and that removal from the Masonic Home facility would be more harmful than beneficial. On June 26, 2002, the trial court granted Dobbs a preliminary injunction and ordered that she not be removed from the Masonic Home facility. While Dobbs’s lawsuit was pending and the injunction was still in effect, the Masonic Home notified its residents on August 29, 2002, that it would be closing its facility. At that time, the facility, had 29 residents.
On September 3, 2002, the defendants filed a motion, seeking to lift the prelimi *1274 nary injunction due to the impending closing of the Masonic Home facility. In the motion, the Masonic Home stated that it would “cover the costs of a substantially similar nursing facility over and above what Medicaid, Medicare or other governmental benefit programs do not cover including the cost of a private room in a selected nursing home.” On September 25, 2002, Dobbs amended her complaint to include several other residents of the facility as plaintiffs. She also amended her complaint to allege a breach of contract regarding the closing of the Masonic Home facility and to include claims alleging a breach of fiduciary duty, negligence, wantonness, and oppression. The 29 residents were moved out of the Masonic Home facility and into assisted-living facilities and nursing homes. Dobbs was moved out of the Masonic Home facility in September 2002 in violation of the preliminary injunction. On December 17, 2002, the trial court granted the defendants’ motion to lift the injunction prohibiting Dobbs’s removal from the Masonic Home facility.
On June 20, 2003, the defendants moved for a summary judgment. On August 1, 2003, the plaintiffs amended their complaint, claiming entitlement to class-action treatment on behalf of the 29 residents moved from the Masonic Home facility. The plaintiffs also sought the establishment of a trust for the care of all the proposed class members. On August 7, 2003, the plaintiffs responded to the defendants’ summary-judgment motion. On August 8, 2003, the defendants responded to plaintiffs’ amended complaint seeking class-action treatment and seeking the establishment of a trust to provide for the care of the proposed class members. On August 14, 2003, the plaintiffs petitioned for class-action treatment. On August 22, 2003, the trial court entered a summary judgment in favor of the defendants on all of the plaintiffs’ claims, holding as follows:
“The Defendants operated, as part of their charitable outreach program, the Alabama Masonic Home, where the three Plaintiffs resided. In August 2002, it became necessary to close the [Masonic] Home, and move the remaining residents, including these three Plaintiffs, to other facilities that could provide care equal to or better than the care provided by the [Masonic] Home. The Defendants have continued to pay for the care of these three Plaintiffs in their new facilities, and to pay for the expenses of such care, and intend to continue these services to these three Plaintiffs. The Court finds that these actions on the part of the Defendants were reasonable, if not necessary, and that there has been no breach of any duty owed by these Defendants to these Plaintiffs.”
Each of the plaintiffs assigned their pension and Social Security benefits to the Masonic Home in accordance with their application for residency into the Masonic Home facility. The plaintiffs entered into an agreement with the Masonic Home, which provided in pertinent part, “All residents of the Home, regardless of their status will receive the best possible care that the Masonic Home is able to provide.” The plaintiffs argue that this clause does not contemplate that any facility, other than the Masonic Home facility in Montgomery, would be the care provider for the plaintiffs. The defendants argue that they have provided “the best possible care” by continuing to pay the expenses for the plaintiffs’ new facilities. An ambiguity in a contract precludes the trial court from entering summary judgment in an action for breach of contract. Whitetail Dev. Corp. v. Nickelson, 689 So.2d 865 (Ala.Civ.App.1996). Additionally, Jerry M. Underwood, the executive director/grand secretary of the Grand Lodge, testified in *1275 his deposition that the income from an $8,000,000 endowment fund is designated for the Masonic Home. Although the trial court’s order states that the defendants “intend to continue [paying] these services,” because the defendants have'moved the plaintiffs into other facilities and have closed the Masonic Home facility, the trial court should address whether the plaintiffs are entitled to a constructive trust of all their assets in the Masonic Home’s possession to ensure their care in their remaining years.